IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGIE HARRIS, ADMINISTRATRIX FOR | : | CIVIL ACTION |
| THE ESTATE OF AARON HARRIS | : | |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY | : | NO.  20-1285 |

## MEMORANDUM

**Padova, J.**                                                                                            **August 4, 2020**

Plaintiff Angie Harris, Administratrix for the Estate of Aaron Harris, brings this action against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") for breaching the terms of an insurance policy (the "Policy") and bad faith conduct in violation of 42 Pa. Cons. Stat. Ann. § 8371.  Allstate has filed a Motion to Dismiss seeking dismissal of Plaintiff's bad faith claim under Federal Rule of Civil Procedure 12(b)(6).  The controlling issue is whether the Complaint as stated contains sufficient factual matter to plausibly allege a claim for bad faith.  For the reasons that follow, we conclude that it does not and grant Allstate's Motion to Dismiss as well as Plaintiff's request for leave to file an amended complaint.

## I.    BACKGROUND

The Complaint alleges the following facts.  Allstate issued the Policy to Plaintiff, which covered Plaintiff's property located at 2331 W. York Street, Philadelphia, PA 19132 (the "Property").  (Compl. ¶ 3.)  On February 20, 2018, while the Policy was in effect, a "peril" covered under the Policy caused "direct physical loss and damage" to the Property.  (Id. ¶ 4.)  Notice of the loss was given to Allstate "in a prompt and timely manner," and Plaintiff "fully complied with all of the terms and conditions required by the Policy."  (Id. ¶ 5.)  However, Allstate refused to pay

Plaintiff monies owed as a result of the loss.  (Id. ¶ 6.)  The Complaint asserts two claims under Pennsylvania law against Allstate.  Count I asserts a claim for breach of contract, and Count II asserts a claim for bad faith in violation of 42 Pa. Cons. Stat. Ann. § 8371.

## II.   LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court "'consider[s] only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  The Court takes the factual allegations of the complaint as true and "'construe[s] the complaint in the light most favorable to the plaintiff.'"  DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citing

Twombly, 550 U.S. at 556).  In the end, the Court should grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555) (additional citation omitted).

## III.    DISCUSSION

Allstate has moved to dismiss Count II of the Complaint, which asserts a claim for bad faith by an insurer in violation of Pennsylvania law.  The Pennsylvania insurance bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2) Award punitive damages against the insurer.
> >
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.  "Bad Faith on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent."  Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quotation omitted). "For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith."  Id. (quotation omitted).

To state a claim for bad faith pursuant to § 8371, a complaint must allege that "(1) . . . the insurer lacked a reasonable basis for denying benefits under the insured's policy, and (2) . . . the

insurer knew or recklessly disregarded the lack of a reasonable basis." Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012) (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006)) (additional citations omitted).  Moreover, "'[S]ection 8371 is not restricted to an insurer's bad faith in denying a claim.  An action for bad faith may [also] extend to the insurer's investigative practices.'"  Greene v. United Servs. Auto. Ass'n, 936 A.2d 1178, 1187 (Pa. Super. Ct. 2007) (alterations in original) (quoting Condio, 899 A.2d at 1142).  Indeed, the term bad faith "'encompasses a wide variety of objectionable conduct'" including "'lack of good faith investigation into facts, and failure to communicate with the claimant.'"  Id. at 1188 (quoting Condio, 899 A.2d at 1142).

Allstate argues that the Complaint does not aver sufficient facts to plausibly allege a claim for bad faith.  Paragraph 15 of the Complaint alleges the basis of Plaintiff's bad faith claim as follows:

> In furtherance of [Allstate's] bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant . . . has engaged in the following conduct:
>
> a. by sending correspondence falsely representing that Plaintiff's loss [was not] caused by a peril insured against under the Policy [and that Plaintiff] was not entitled to benefits due and owing under the Policy;
>
> b. in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;
>
> c. in failing to pay Plaintiff's covered loss in a prompt and timely manner;
>
> d. in failing to objectively and fairly evaluate Plaintiff's claim;
>
> e. in conducting an unfair and unreasonable investigation of Plaintiff's claim;
>
> f. in asserting Policy defenses without a reasonable basis in fact;
>
> g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

      h.    in failing to keep Plaintiff or [her] representatives fairly and adequately advised as to the status of the claim;

      i.    in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or [her] representatives;

      j.    in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

      k.    in unreasonably withholding policy benefits;

      l.    in acting unreasonably and unfairly in response to Plaintiff's claim;

      m.    in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(Compl. ¶ 15.)  Paragraph 15 clearly consists of "conclusory statements unsupported by facts" that are insufficient to state a bad faith claim.  Smith, 506 F. App'x at 136.  Specifically, although the Complaint alleges that Allstate "misrepresent[ed] pertinent facts or policy provisions relating to coverages at issue" and "sen[t] correspondence falsely representing" that Plaintiff was not entitled to benefits under the Policy (Compl. ¶¶ 15(g), (a)), it fails to explain what those misrepresentations may have been.  See Smith, 506 F. App'x at 136 (concluding that the complaint failed to plausibly allege a claim for bad faith under Pennsylvania law because the complaint simply asserted that the insurer "intentionally misrepresent[ed] coverage in the policy . . . and misrepresent[ed] facts and its evaluation of Plaintiff's claim, without explaining what those misrepresentations may have been." (first and third alterations in original) (quotations omitted)).

      The Complaint also alleges that Allstate "fail[ed] to fairly negotiate the amount of [Plaintiff's] loss" (Compl. ¶ 15(i)), but provides no details describing what was unfair about the negotiations.  See Smith, 506 F. App'x at 136 (concluding that the complaint failed to plausibly allege a claim for bad faith under Pennsylvania law because the complaint asserted that the insurer

"engag[ed] in unfair settlement negotiations," without providing "details describing what was unfair about the negotiations" (alteration in original) (quotation omitted)).  The Complaint's remaining bad faith allegations merely assert that Allstate was not prompt, thorough, fair, or reasonable in how it handled or denied the claim, but does not provide any facts explaining how Allstate was not prompt, thorough, fair, or reasonable.  (Compl. ¶¶ 15(c), (f), (h), (j)-(m).)

We conclude, therefore, that the Complaint's bad faith allegations lack enough factual matter to enable us to draw the reasonable inference that Allstate is liable for bad faith conduct. Warren Gen. Hosp., 643 F.3d at 84 (quotation omitted).  Rather, the Complaint mostly contains bald assertions and conclusory legal statements that we need not accept as true.  See Smith, 506 F. App'x at 136 ("Although we must accept as true the complaint's allegations and reasonable inferences drawn therefrom, we 'need not credit a complaint's bald assertions or legal conclusions.'" (quoting Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997))). Thus, the Complaint in its present form fails to plausibly allege that Allstate acted in bad faith in handling and denying Plaintiff's insurance claim.  Accordingly, we grant Allstate's Motion to Dismiss Count II of the Complaint.

## IV.    CONCLUSION

For the reasons stated above, we grant Allstate's Motion to Dismiss Count II of the Complaint.  Plaintiff requests leave to file an amended complaint in the event that we grant Allstate's Motion.  Federal Rule of Civil Procedure 15(a) provides that "[t]he Court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'"  Lundy v. Adamar of

<u>N.J., Inc.</u>, 34 F.3d 1173, 1196-97 (3d Cir. 1994) (second alteration in original) (quoting <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652-53 (3d Cir. 1989)) (additional citations omitted).  Here, there is no indication that Plaintiff has acted in bad faith, has acted with dilatory motive, has unduly delayed litigation, or has previously failed to cure a deficiency by amendment.  Moreover, it does not appear that amendment would be futile.  We thus grant Plaintiff's request for leave to file an amended complaint.

An appropriate Order follows.


BY THE COURT:


<u>/s/ John R. Padova</u>
John R. Padova, J.